At this time, we'll hear In Re NanoDyamics. Good morning. Good morning, Your Honors. Robert Feldman for Mark Wallach as trustee of the appellant here. Um, this is an action, uh, for damages. Not for specific. I had a question about appellate jurisdiction. Um, I do have a couple of concerns. One is the counterclaims and certain defenses were never resolved. They have not been. Do they relate to the claim for the 700,000? Um, they, they arise under the same contract. Um, it's a contract to per subscribe to and purchase one of the years of stock in the, one of them is for rescission of the contract effectively. One of the counterclaims there are, there are, I believe, disreputation and fraud causes of action. There may be a rescission cause of action as well. Aren't we being asked to decide this on a piecemeal basis? I mean, if, in other words, if, if we rule on, on, on, uh, the claim that's before us, it doesn't, it doesn't resolve the case. That's one concern I have. A second concern is the district court remanded the case to the, uh, the bankruptcy court and, and, and that also seems to me a potential impediment to appellate jurisdiction. I understand the issue. The bankruptcy court did certify its decision as a final decision. But did it really give reasons for that certification that are enough to convince us that this is a final judgment that we're reviewing? So all it says is, uh, there is no just reason for delay, but then, uh, it says that, uh, a successful appeal or unsuccessful appeal would moot out all of the other issues. But then as Judge Chin pointed out, there's a remand back, uh, for a defense, um, those two things can't together be true. So, uh, I, I really wonder whether it was right or whether there's a sufficient explanation for the certification, which we've required. So we can't, we don't just take . . . I understand. . . . a district court or a bankruptcy court's word. I understand. I understand that the decision, I apologize, Your Honor, needs to be final for this court to have jurisdiction. So what are we missing? I, I guess my fear that appellate jurisdiction would have been waived entirely given what Judge Kaplan did, certifying the decision as final, if I didn't take this appeal. Can you waive, can you waive appellate jurisdiction, subject matter jurisdiction? No, not subject, certainly never subject matter jurisdiction. Great. Are you now agreeing that we don't have appellate jurisdiction given, uh, the insufficient reasons for explaining, uh, why, um, this shouldn't be delayed to resolve the, uh, counterclaims and affirmative defenses? If I said it was crystal clear, uh, I, I wouldn't be telling you the truth. Um, I, I, I, we, I live with Judge Kaplan's certification that the matter is final. It seems to me as to the matters before this court, as to the trustee's claim, but clearly not counterclaims, the decision is final. Um, what is the benefit of, ultimately says, I apologize. What is the benefit of proceeding with this part of the appeal? If it's not going to resolve the case in any event and, and the counterclaims and affirmative defenses will need to be resolved anyway. I mean, what, what is the point of this whole exercise? This, this exercise will, as I think as a matter of law, decide whether a trustee, um, can inherit a, a, a claim for, um, uh, damages. But it's not dispositive because there are these other issues that have yet to be, uh, decided. I can't, I can't, I can't say that a decision on this will one way or the other decide the counterclaims, that's correct. And it could be remanded. The counterclaim, uh, for example, with respect to the, uh, rescission, uh, request, uh, could be resolved as well as any affirmative, other affirmative defenses, and that could all come up back to the Second Circuit. Is that correct? Judge Kaplan specifically not only didn't rule on counterclaims, but didn't rule on a number of other affirmative defenses. Well, it seems clear that we, we don't have jurisdiction over the interlocutory appeal that deals with rescission, correct? I, I understand the problem with . . . No, no, that's clear, correct? We don't have appellate jurisdiction and you're not really arguing on this appeal concerning the rescission, am I correct? That's right. All right. Now, on the other hand, if, if you lose now, the rescission issue never has to be decided, am I correct? That's correct. I think there are still counterclaims that may have to be decided because the, the defendants are claiming damages as well on their counterclaim. Right. Based on the contract, on the agreement. But I, I just said if you, if you lose, the rescission issue goes away, correct? That's correct. And then what would be left of this case? I think there are damage claims by the defendant, um, uh, against the estate for fraud, for other related claims. Court-based, fraud-based claims. That's right. Plus it's not uncommon for there to be interlocutory appeals in the bankruptcy court. Bankruptcy court couldn't function otherwise because each of its matters can consist of a hundred, um, uh, subsidiaries. And in this particular case, I think does. Yes. And this could be one of them. Yes. So the question is if, if the district court can entertain and then we can entertain interlocutory appeals from the district, from the bankruptcy court, is this the kind of interlocutory appeal that we have jurisdiction to decide? The best I can tell your Honor is, is, and I can't pretend to understand. And we're trying to work this through with two lawyers. There are four lawyers. My daughter clerked for the highest court of the state of Oregon. And I think she faces all the time. If she were here, she would answer better than me. Your Honor. Um, um, you know, the, the starting point is I think when the bankruptcy court says it's final for appellate purposes, I'm not, I'm not going to risk abandoning the issue by not bringing it up here. Don't you also need a final, uh, judgment from the district court or an appealable judgment from the district court? Yes. Yes. But as, as to, and do we have that if the district court remands the matter to the bankruptcy court? The district court didn't do as, I don't know whether there's a separate requirement of a 54B certification in district court, but we don't have that. I don't know whether one is required, but we have a remand from the district court back to, to the bankruptcy court. So how does that impact our appellate jurisdiction? Well, I know that the district court neither issued its own 54B certification nor withdrew the bankruptcy court certification and bankruptcy court, nothing more than an arm of district court, of course. Um, uh, so, I mean, is it crystal clear to me as to whether the 54B certification continues on in the absence of affirmative action by the district court? It's not crystal clear to me, but it seemed like the chances were good enough that it did, that I shouldn't risk abandoning the appeal. Based on your, your, your, your instinct, a gut feeling. I mean, is there any law on this? Not, not that I'm aware of. Have you looked? Other than the knowledge that, um, I think I took a look early on. I have not since. Turning to the merits. Turning to the merits, just in case. Um, if you, if your client collects $700,000 from the Smiths, what are the Smiths going to get in exchange? What is this? I'm sorry. What are the Smiths going to get in exchange? The Smiths are going to get nothing. This is not a specific performance cause of action. This is a, this is a breach of contract cause of action and a statutory cause of action under business corporation. They're going to give the trustee a hundred, $700,000, and they're not going to get anything. And that's going to be the order of a court of equity. Yes, because, because in, in the ordering and bankruptcy court, if it does anything, it orders who takes a loss. Okay. So we, we know that always equity takes a loss before creditors take a loss. Even if this were straight up damages and they paid $700,000, wouldn't they be entitled to some kind of a credit or a set off for the, the, whatever the value of the stock might be? The question is what? In other words, if, if, if the company doesn't actually tender the stock, but gets $700,000, shouldn't they get some kind of a set off for whatever the value, if any, of the stock might be? The simple answer is in a preference lawsuit, which we see hundreds of times more frequently than this, maybe thousands of times more frequently. If the defendant in a preference lawsuit is required, notwithstanding the fact that it's already out money required to pay back to the trustee, even more money because it received it preferentially in the 90 days before the bankruptcy, it gets by statute and allow general unsecured proof of claim in the amount it's required to pay back. But if, if at the end of the day, the equity, the stockholders get $0.10 on the dollar, the Smiths still don't get anything because you can't issue the stock, correct? If, if the stock is worth $0.10 on the dollar, the- Let's say it's worth $0.10. Let's say it's $0.50 on the dollar. Let's say what the trustee has after the breach is worth $350,000. Our damage claim will only succeed for the other $350,000. It's a damage claim. It's not a specific performance claim. The 628 claim under the BCL is different. 628 is New York's decision. When did that claim arise? That claim arose the first day that the contract was breached, April 1st, 2009. After that, you continue to accept money from the Smiths. And issue stock in exchange, that's correct. And what the, as I understand it, the district court determined was that you effectively waived your right to claim a breach because you continued to perform. Is that right? I think the way you put it was that termination was required in order for the cause of action to exist. And you continue to do that through the petition date. We continue to do that through about six weeks before the petition date. Early June of 2000. You've never claimed a specific breach before the petition date. That's absolutely correct. We provided, the debtor continued to provide the defendants with the opportunity, right through the petition date. There was an existing contract, at least as of the petition date. It was a breach contract as of the petition date, but not a terminated breach contract. And we distinguish that in our argument that a contract does not have to be terminated for there to be a cause of action for breach. And Judge Kaplan gave an example of that. If a tenant doesn't pay five or ten or 15 months rent in a row, and the landlord subsequently goes bankrupt and is unable to assume the contract, generally chapter seven trustees have no power to assume contracts, period. The damage claim against the tenant for failure to pay the rent, having accrued fully all elements of the cause of action, having existed pre-bankruptcy, the trustee has standing to sue. And- On the other hand, the tenant lived there. That's right. The tenant got something. And this defendant got the opportunity, and I guess the way their position- They got the opportunity to throw away $700,000. Looking at it in perfect retrospect, on new companies, that's often the case. If you happen to hit Google, it's a little different, you know? So hindsight, with respect to this kind of situation, is perfect. If I can finish by just quoting a Fifth Circuit decision from 1996, because it's quoted by the defendants in their motion for summary judgment. It is, quote, it is clear that causes of action belonging to the debtor prior to the bankruptcy constitute a state property. And that section 7041 of the bankruptcy code grants bankruptcy trustee the authority to pursue such causes of action. All we're saying here is that those causes of action fully accrued. They fully accrued as of April 1st, 2009, the first day after the deadline for performance by the debtor. Thank you. Thank you. Thank you. We'll hear the other side. Good morning, your honors. May it please the court. I'm Chris Shuler. In your briefs, you agreed that we have appellate jurisdiction, but you've heard our questions about that. Could you address that? Yes, your honor. I think you have appellate jurisdiction. I think it's a final ruling. As we sit here before this court, the claims against my clients are dead. Our affirmative defenses don't matter at this point. There is a final ruling on the claims. There's not a final ruling on the counterclaims, but the counterclaims should be bifurcated. They should be. You say should be. Are they? I mean, there's a remand for the bankruptcy court, I guess in the context of the same adversary proceeding, to consider these counterclaims. There's a remand, but I think that the lower courts correctly recognize that the claims themselves by the trustee are final. You're withdrawing the counterclaims? No, we are not withdrawing the counterclaims. We're keeping them there for now. If for some reason there's a reversal, then we want to use those counterclaims for a set off. If there's an affirmance of the lower courts, as we hope there will be, then those counterclaims will likely have to be pursued through the proof of claim process. But not in the context of an adversary proceeding? Correct. Although currently, they're in the context of an adversary proceeding. Correct. But certification becomes appropriate if the resolution of this matter, of this order, could moot the other aspects of the litigation. Correct. Certification of that kind is not all that unusual. Correct. And if your adversary didn't take this appeal, you would say he waived it. I would probably do everything I could, Judge, to win. And he's tough. Thank you. Yeah. So, your honors, we ask that the district court decision be affirmed. And I think the district court said something very profound. It said, what matters here is what the debtor did, not what it could have done. It matters what the debtor did. And what much of the appellant's arguments are here are an effort by the trustee to create an alternative reality detached from what actually happened. And what happened here was the parties ignored the March 31st performance deadline. The debtor never declared a default, never demanded payment, never terminated the contract. This is distinguishing between a breach and a termination. Why don't you address that? So, if there's a termination, that is an opportunity for the debtor to make the contract not executory anymore. The debtor would no longer have performance. If there's a breach, then the debtor could arguably still have performance obligations. And the debtor could, in theory, pursue damages for a breach. But it didn't do so here. Instead, the debtor intentionally chose to neglect the breach, neglect the opportunity to terminate. And you issued stock in the amount of money. Right, and the district court correctly said there was a good reason for that. Ignore the default rights that it had, because it brought in another $1.3 million from my clients in the process. And now, it's completely inappropriate and fortunately against the legal authority we've cited for the debtor to go back and try to enforce the breach. The debtor has waived the right to enforce that breach. The debtor has elected its remedies and cannot go back to that March 31st date. What rule do we look to, to determine whether this is an executory contract? As opposed, like the countryman test? Is that what you're talking about, Judge? What's the rule in this circuit? Judge, this circuit hasn't clearly defined what the test is for an executory contract. There's three tests in play in this circuit. I don't think it matters here. It makes it kind of complicated. Well, here though, it doesn't matter what test you apply, because there was future performance here on both sides. So- I thought that we defined it as a contract in which performance remains due to some extent on both sides, so. And that we clearly fall within that, Judge. Yeah, but the countryman test would add that failure would be material. Correct. To a breach. Correct. Why isn't this just a breach? Why can't it just be an issue of determining the damages? Well, we can't change the facts, Judge. If, to have an enforceable breach, the debtor needed to act upon it. It needed, as the district court said, to declare a default, file suit on the default, take some steps to enforce the default. Instead, the debtor intentionally neglected those rights, and that has consequences. And by the way, judges, that's a factual finding here by the district court. It is a factual finding that the debtor ignored those rights. And this court should respect that factual finding. A finding in what procedural context? Summary judgment. I mean, is there a dispute as to what happened? I mean, was this appropriate for summary judgment? No, and I think what, strike that, judge. No, it wasn't appropriate for summary judgment? It was appropriate for summary judgment, Judge. So- I meant to say yes. Yes. So Judge, what the two lower courts correctly recognized here is that the factual record is clear. And the factual record clearly shows neglect of the breach rights. Now, the trustee can't come in after the fact, and after, by the way, the trustee listed the contract as an executory agreement in its petition, can't come in after the fact and try and put another label on it. And I think the lower courts were correct in their factual findings. And that concludes my argument, your honors. If you have any additional questions, I'm happy to address them. Thank you. Thank you. There is no rebuttal. Thank you both. A reserved decision.